LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-06776 BRO (RAOx) | Date | September 15, 2016 |
|---|---|---|---|
| Title | LEON SANDERS V. JAMES D. WALKER ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

A federal court must determine that subject matter jurisdiction exists even where the parties do not raise the issue. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statutes. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).

Original jurisdiction may also be established pursuant to 28 U.S.C. § 1332, which provides that a federal district court has jurisdiction over a civil action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The United States Supreme Court has interpreted the diversity statute to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Additionally, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

Causes of action one through nine appear to be pleaded under state law. (*See* Verified Complaint ("Compl.") at 3–10.) But in his tenth cause of action, Plaintiff

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-06776 BRO (RAOx)** | Date | September 15, 2016 |
|---|---|---|---|
| Title | **LEON SANDERS V. JAMES D. WALKER ET AL.** | | |

alleges: "Civil Rights Violations by Reginald Sylvester, Lokman Reality [sic] Group attorney Tiffany J. Ramirez: North American Title Company:For [sic] opening escrow for Reginald Sylvester and closing escrow on property he didn't own.  This is a crime:: [sic]"  (Compl. at 12.)  Beyond this allegation, Plaintiff establishes an amount in controversy in excess of $75,000.  (*Id.* at 4.)  Plaintiff alleges that both he and named defendants Walker, White, and Allen are residents of the state of California.  (*Id.* at 1.)  Plaintiff makes no allegation as to the remaining defendants' residences.  (*Id.*)

Based on the alleged facts, it appears that Plaintiff errantly attempts to privately prosecute an alleged crime.  Further, it appears that complete diversity does not exist between the parties.  And on the facts alleged, the Court is unable to determine whether it has federal question jurisdiction over the case.  The Court therefore **ORDERS** Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction, specifically in regard to the alleged violation of civil rights in the tenth cause of action.  Plaintiff must respond by **September 20, 2016 by 4:00 p.m.**

**IT IS SO ORDERED.**

:

Initials of Preparer    rf